

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SHEILA A. MANNIX, Individually and as Next Friend of BRIAN S. SHEETZ, | ) ) ) | |
| | ) | 10 C 5063 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| OFFICER HUMER # 105, OFFICER YOST # 107, OFFICER RUBEN # 109, OFFICER WRZALA # 111, OFFICER GORZELANCZYK # 144, and the VILLAGE OF BARRINGTON, | ) ) ) ) ) | Hon. Charles R. Norgle |
| Defendants. | ) ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6). For the following reasons, the Motion is granted.

## I. BACKGROUND

### A. Facts

The pro se Plaintiff Sheila A. Mannix ("Mannix") brings suit on behalf of herself and her minor son Brian S. Sheetz ("Brian"). Defendants are Village of Barrington police officers and the Village itself.

The Court notes that this is not the first suit Mannix filed in the Northern District. Over the past several years, she filed six other suits pro se in this District, all of which arise from her divorce and child custody proceedings in the state court. Judge Shadur presided over one of Mannix's cases in the Northern District and dismissed it as frivolous, noting that her Complaint:

1

obviously stemmed from a protracted and bitter domestic relations dispute with her ex-husband Daniel Sheetz, Sr., [and] was a sprawling effort that charged no fewer than 60 defendants with a conspiracy against her. Those defendants included the Illinois Attorney General Lisa Madigan, the State's Attorneys of Cook and Lake County, the Sheriffs of the same two counties, the Circuit Court Clerks of those counties, the two past Chief Judges of those two counties' Circuit Courts as well as two Chief Judges of the Lake County Circuit Court, no fewer than 26 other judges, 13 lawyers, 8 psychiatrists, a psychologist and a social worker.

Mannix v. Madigan, No. 09-103, slip op. at 2 (N.D. Ill. Feb. 25, 2009).[1] Mannix's instant suit arises from that background.

Mannix alleges the following facts in her Complaint at Law. She contacted the Barrington police department at some point in 2006 and complained of numerous acts of misconduct by her former husband, and Brian's father, Daniel Sheetz ("Daniel") and other individuals including Daniel's attorney. These alleged acts include perjury, obstruction of justice, intimidation, harassment of witnesses, and conspiracy. Mannix also provided "direct evidence" to the Barrington police that all state court orders regarding her child custody dispute were "void and unenforceable as a matter of law." Compl., ¶ 7. More specifically, Mannix alleges that Daniel does not have legal custody of Brian, and that there is no enforceable protective order against Mannix. Id. at ¶¶ 8-10. Defendants assert that Daniel does, in fact, have legal custody of Brian, and that there is, in fact, an enforceable order of protection against Mannix. Defendants attach state court Orders in support of these assertions as exhibits to their Motion to Dismiss.[2]

_____

[1] In resolving a 12(b)(6) motion to dismiss, the Court may take judicial notice of matters in the public record, including other judicial decisions. Anderson v. Simon, 217 F.3d 472, 474-75 (7th Cir. 2000).

[2] The Court notes that at the 12(b)(6) stage of this litigation, it would normally be confined to Mannix's Complaint, which does not contain these exhibits. McCready v. eBay, Inc.,

Mannix further alleges that on August 11, 2008, Brian on his own volition left Daniel's

custody and arrived at Mannix' residence. Mannix then initiated a meeting with Barrington

police officers. During this meeting, Mannix requested that the officers arrest Daniel, and

reiterated her claim that the state court orders regarding Brian's custody and the order of

protection against her were void. The next day, Mannix alleges, Barrington officers arrived at

Mannix's residence and removed Brian from her custody.

## B. Procedural History

Mannix filed her pro se Complaint at Law on August 12, 2010. The Complaint contains

ten Counts: I. § 1983 Unreasonable or Excessive Force; II. § 1983 Unlawful Detainment; III.

Unlawful Detainment – State Claim; IV. § 1983 Unreasonable or Excessive Force; V. § 1983

Unreasonable Seizure; VI. Unreasonable Seizure – State Claim; VII. § 1983 Conspiracy Claim;

VIII. Conspiracy Claim – State Law; IX. 745 ILCS 10/9-102 Claim against the Village of

Barrington; X. Supplementary Claim for *Respondeat Superior*. The Court notes that Mannix

incorrectly numbers Count IX as Count IV.

Defendants filed their Motion to Dismiss on November 23, 2010. The Court initially

ordered Mannix to file her Response on or before December 16, 2010. Mannix did not file her

Response by that deadline. The Court then allowed Mannix an extension of time until December

---

453 F.3d 882, 891 (7th Cir. 2006). However, under FRCP 10(c), a "copy of any written
instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Interpreting
this Rule, the Seventh Circuit determined that "documents attached to a motion to dismiss are
considered part of the pleadings if they are referred to in the plaintiff's complaint and are central
to his claim." 188 LLC v. Trinity Indus., Inc., 300 F.3d 730, 735 (7th Cir. 2002). The resolution
of the state court domestic dispute is obviously crucial to Mannix's claim, and she makes
reference to Orders related to that dispute in her Complaint. The Court thus determines that it is
within its discretion to include these exhibits in its consideration of Defendants' Motions to
Dismiss.

22, 2010 to file her Response, but Mannix failed to meet that deadline as well. The Court then granted Mannix another extension of time until December 29, 2010, but as of January 11, 2011, Mannix has not filed a Response to Defendants' Motion to Dismiss. The Court will therefore address the Motion without the benefit of her Response.

## II. DISCUSSION

### A. Standard of Decision

In deciding a Rule 12(b)(6) motion, the Court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. See, e.g., Jackson v. E.J. Brach Corp., 176 F.3d 971, 977-78 (7th Cir. 1999). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . Rule 12(b)(6) should be employed only when the complaint does not present a legal claim." Smith v. Cash Store Mgmt., Inc., 195 F.3d 325, 327 (7th Cir. 1999); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Leatherman v. Tarrant County, 507 U.S. 163, 168 (1993). The Court recognizes, however, that the "old formula – that the complaint must not be dismissed unless it is beyond doubt without merit – was discarded by the Bell Atlantic decision." Limestone Dev. Corp. v. Vill. of Lamont, 520 F.3d 797, 803 (7th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007)). Following Bell Atlantic, a complaint will survive a motion to dismiss only when the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotation marks and citations omitted).

4

**B. Defendants' Motion to Dismiss**

The pro se Plaintiff Mannix files this suit on behalf of herself and her minor son Brian. Defendants correctly assert that while Mannix may represent herself, she may not proceed pro se on behalf of Brian. See Navin v. Park Ridge Sch. Dist. 64, 270 F.3d 1147, 1148 (7th Cir. 2001) (indicating that the pro se plaintiff "was free to represent himself, but as a non-lawyer he has no authority to appear as [his son's] legal representative."); Tindall v. Poultnety High Sch. Dist., 414 F.3d 281, 284 (2nd Cir. 2005) ("[A] parent not admitted to the bar cannot bring an action *pro se* in the federal court on behalf of his or her child."); Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."). The Court therefore dismisses all of Mannix's claims brought on behalf of Brian. The Court makes no determination as to whether Brian has any valid cause(s) of action as a result of Defendants' alleged actions.

The only remaining issue for the Court is therefore whether Mannix alleges any plausible cause(s) of action as to herself. The Court finds that she does not. As to her Unlawful Detainment and Unreasonable Seizure claims, Mannix does not allege that she was detained or seized at any point. Counts II, III, V, and VI are therefore dismissed as to Mannix.

As to her Excessive Force claims, Mannix does not allege that Barrington police officers physically abused her. Rather, she alleges that the officers spoke harshly to her. Compl., ¶ 50 ("Defendant Officer Humer arrived at the residence and . . . in a loud, angry, threatening, intimidating, demanding voice compelled Plaintiff Mother to produce Plaintiff Minor Son against both of their wills."); see also Compl., ¶¶ 44-45 (alleging that Barrington police officers threatened to prosecute her). These allegations do not make out a plausible claim of excessive

force. See Graham v. Connor, 490 U.S. 386, 394 (1989) (referring to excessive force as "physically abusive government conduct"); Cuautle v. Tone, 851 F. Supp. 1236, 1241 (N.D. Ill. 1994 ("Verbal abuse does not rise to the level of a constitutional violation and cannot be the basis for a suit brought under 42 U.S.C. § 1983." (citing Patton v. Przybylski, 822 F.2d 697 (7th Cir. 1987); Moore v. Marketplace Restaurant, 754 F.2d 1336 (7th Cir. 1985))). Counts I and IV are therefore dismissed as to Mannix.

Since Mannix does not allege any plausible constitutional violations on behalf of any individual defendants, her conspiracy claims must fail. Cefalu v. Elk Grove Village, 211 F.3d 416, 423 (7th Cir. 2000). Counts VII and VIII are therefore dismissed as to Mannix.

In Count IX, Mannix alleges that if the Defendant Officers are ultimately found liable, the Village would be required to pay the judgment under 745 ILL. COMP. STAT.10/9-102. Mannix is correct. See Carver v. LaSalle County, 324 F.3d 947, 948 (7th Cir. 2003) (holding that the County would be obligated to pay a judgment against the defendant County Sheriff under Illinois law). However, because the Court dismisses the claims against the Defendant Officers, there is no judgment to pay. Count IX is therefore dismissed as to Mannix.

Finally, in Count X, Mannix alleges a Respondeat Superior claim against the Village. It is axiomatic that a municipal government cannot be held liable under § 1983 for the acts of its employees absent an allegation that an official policy or custom of the municipality caused the plaintiff's injury. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Here, the Court has already determined that Mannix does not plausibly allege any injury. She therefore cannot, and does not, plausibly allege that the execution of any policy or custom of the Village caused her any injury. Count X is therefore dismissed as to Mannix.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted. The Clerk shall enter judgment in favor of Defendants pursuant to Rule 58.

IT IS SO ORDERED.

ENTER:

_____

CHARLES RONALD NORGLE, District Judge

Dated: January 11, 2011