# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5063 | **DATE** | 2/21/2012 |
| **CASE TITLE** | Mannix vs. Humer et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed in forma pauperis [66] is denied because the appeal is not taken in good faith. Plaintiff's motion for an extension [65] is denied as moot because the deadline to file a notice of appeal in the district clerk's office has not passed.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the court are Plaintiff Sheila Mannix's motions to appeal in forma pauperis and for an extension to file a notice of appeal.

Under the Federal Rules of Appellate Procedure, "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization." Fed. R. App. P. 24(a)(3). This court on September 15, 2010, granted Plaintiff's motion to proceed in forma pauperis. Plaintiff, however, may proceed in forma pauperis unless this court "certifies that the appeal is not taken in good faith." Fed. R. App. P. 24(a)(3)(A). Plaintiff apparently seeks to appeal denial of a Rule 60(b) motion in which the court found her litigation "frivolous." The court admonished Plaintiff for "abusive invective" including attacks on the integrity of state and federal judges, warning that sanctions could be imposed. Plaintiff's claims for relief are "insane complaints" advanced in bad faith because no reasonable person could suppose them to have merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). For example, Plaintiff asserts theories of liability involving allusions to the mafia, Nazis, Orrin Hatch, the Secret Service, the Justices of the Supreme Court, Patti Blagojevich, and Joe Paterno. She even discusses whether a high-profile United States Attorney is a pedophile.

In reality, Plaintiff's lawsuits–she has filed at least six pro se complaints in this district–arise out of a custody dispute with a former spouse. Mannix v. Hummer, 10 C 5063, 2011 WL 116888, at *1 (N.D. Ill. Jan. 11, 2011); see also Mannix v. Madigan, No. 09-103, slip op. at 2 (N.D. Ill. Feb. 25, 2009) ("[The lawsuit] obviously stemmed from a protracted and bitter domestic relations dispute with her ex-husband Daniel Sheetz, Sr., [and] was a sprawling effort that charged no fewer than 60 defendants with a conspiracy against her.")). For the foregoing reasons and others stated in this court's January 18, 2012 opinion denying the Rule 60(b) motion, the court finds and certifies pursuant to Rule 24(a)(3)(A) that Plaintiff's appeal is not taken in good faith. The motion to proceed in forma pauperis is denied.

Plaintiff also seeks an "extension of time for good cause to file appeal pursuant to Federal Rule of Appellate Procedure 4(5)(A)(ii)." At first blush, Plaintiff has not missed any deadlines. She has thirty days

| STATEMENT |
|---|

from this court's order denying her 59(e) motion, which was entered February 3, 2012, to file with the district clerk a notice of appeal. Fed. R. App. P. 4(a)(1)(A), (4)(A)(iv). Her Rule 59(e) motion attacked the court's order denying a Rule 60(b) motion, which was entered January 24, 2012, also fewer than thirty days ago.

The court recognizes the Rule 59(e) motion attacked a Rule 60(b) motion filed January 6, 2012, nearly a year after the original January 13, 2011 judgment order. This is an unorthodox but not necessarily improper mode of extending the time to file a notice of appeal--at least as to the Rule 60(b) motion denial. See United States v. Mercedes-Benz 2000 Model S400, 84 F. App'x 652, 654 (7th Cir. 2003) (citing Berwick Grain Co. v. Ill. Dep't of Agric., 189 F.3d 556, 558 (7th Cir. 1999)) ("Rule 59(e) may be used to alter or amend an order denying a Rule 60(b) motion, which is itself a final and appealable decision."); but cf. Borrero v. City of Chi., 456 F.3d 698, 701-02 (7th Cir. 2006); Abbs v. Sullivan, 963 F.2d 918, 924-25 (7th Cir. 1992). Accordingly, her motion as to an extension to file a notice of appeal of the Rule 60(b) order is denied as moot. Plaintiff still has time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 3.

But as to Plaintiff's motion for an extension to file a notice of appeal of the original January 13, 2011 judgment, Federal Rule of Appellate Procedure 4(a)(5)-(6) deprives this court of discretion to grant such an extension. Whether to grant an appeal by permission is within the discretion of the court of appeals. Fed. R. App. P. 5. Plaintiff's motion for an extension of time to appeal the original judgment is denied.

IT IS SO ORDERED.

FILED
2012 FEB 21 PM 4:41
CLERK
U.S. DISTRICT COURT